UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOCAL UNION 357 UNITED
ASSOCIATION OF JOURNEYMEN
PLUMBERS AND JOURNEYMEN
STEAMFITTERS AND PIPEFITTERS
PENSION PLAN, et al.,

              Plaintiffs,                          Hon. Janet T. Neff

v.                                          Case No. 1:12-cv-00956

LACEY ANN POLLARD, et al.,

              Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' Motion for Default Judgment (Dkt. 17),
which was referred to the undersigned by the Honorable Janet T. Neff  for report and
recommendation under 28 U.S.C. § 636(b)(1)(B).  A hearing on the motion was held January 8,
2012.

Summonses were returned executed as to defendant Margaret Ponicki and Henry Ponicki
(Dkt. 4 and 10). Both defendants failed to answer or otherwise plead, and default was entered
pursuant to Fed. R. Civ. P. 55(a) as to defendant Margaret Ponicki on October 12, 2012 (Dkt.8)
and Henry Ponicki on November 1, 2012 (Dkt.14). In response to the notice of hearing on the
motion for default judgment (Dkt. 18), plaintiffs filed a proof of service of the notice of hearing
on the defaulting defendants (Dkt. 19).  Plaintiffs, through counsel, appeared for the January 8,

2012 hearing on the motion for default judgment. Defendants Margaret Ponicki and Henry Ponicki neither appeared for the hearing nor contacted the court in any way. After waiting a significant amount of time, the undersigned stated on the record that a report and recommendation for default judgment would issue.

### THE PARTIES

Plaintiffs Local Union 357 United Association of Journeymen Plumbers and Journeymen Steamfitters and Pipefitters Pension Plan, et al., filed a complaint on September 6, 2012 seeking a declaration regarding to whom among competing claimants Lacey Ann Pollard, Margaret Ponicki and Henry Ponicki it should pay certain death and/or pension benefits on the death of Margaret Ponicki and Henry Ponicki's son and Lacey Ann Pollard's father, William Ponicki. Margaret Ponicki was acting as the personal representative of the estate of the decedent, William Ponicki. As neither Margaret Ponicki nor Henry Ponicki answered or otherwise pled, any allegations against them are deemed admitted pursuant to Fed. R. Civ. P. 8(b)(6). In addition, based on the complaint it appears that plaintiffs are correct that Lacey Ann Pollard, decedent's daughter, is entitled to the death and retirement benefits of William Ponicki.

### CONCLUSION

Therefore, the undersigned recommends that Plaintiffs' Motion for Default Judgment (Dkt. 17) be GRANTED and that the proposed default judgment attached to plaintiffs' motion be entered. The undersigned is satisfied that plaintiffs have complied with the requirements of Fed. R. Civ. P. 55(b).

Respectfully submitted,


Date: January 10, 2013                    /s/ Ellen S. Carmody_____
                                          ELLEN S. CARMODY
                                          United States Magistrate Judge


     OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).